UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GARGANUS T. MOORE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:14-cv-00229-LJM-DKL |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus, Denying Motion
for Hearing, and Directing Entry of Final Judgment**

The petition of Garganus Moore for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 14-04-0036. For the reasons explained in this Entry, Mr. Moore's habeas petition must be **denied**.

A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On April 8, 2014, Officer Craig wrote a conduct report charging Mr. Moore with attempting to commit the "B" offense of assault or battery. The conduct report states:

> On 4/8/2014 at approx. 07:35 I C/O A. Craig was on the center wing of DHU with Sgt. S. Lantrip due to offender Moore, Garganus #170307 kicking his cell door and threatening staff. Sgt. Lantrip ordered the offender to cuff up for the application of mechanical restraints so the offender could be placed on strip cell status. The offender complied with the order once out of cell he turned on Sgt. Lantrip and attempted to lunge at me, saying "you fucking bitch I will get you." A signal 10 was called and first responders arrived.

Filing No. 15-1 at 1.

Sgt. Lantrip also filed a witness statement that same day, which states:

> On 4/8/2014 at approx. 7:35 am I Sgt. S. Lantrip was escorting offender Moore, Garganus #170307 to the shower in DHU center wing seg while restrained. While escorting him to the shower he turned and attempted to pull away and go after C/O A. Craig. I then secured the offender and a signal 10 was called via radio and first responders arrived.

Filing No. 15-1 at 2.

On April 8, 2014, Mr. Moore was notified of the charge and received a screening report, which notified Mr. Moore of his rights. Mr. Moore asked to view the video footage of the incident, but he was not allowed to because it was determined that allowing him to do so would jeopardize the facility's security. Instead, the Disciplinary Hearing Body viewed video footage of the incident and prepared a summary report of the video evidence.

The video summary set forth the following timeline of events:

> 7:38:31 (Time on Video): Sgt. Lantrip places mechanical hand restraints on Offender Moore through the cuff port of his secured cell door (D-502).
>
> 7:38:34: Cell door is opened.
>
> 7:38:36: Offender Moore exits the cell

> 7:38:37: Offender Moore moves towards Officer Craig and Sgt. Lantrip uses physical handling techniques to place the offender on the floor to gain compliance.
>
> 7:38:48: Officer Craig assists in securing Offender Moore's legs.
>
> 7:39:21: Moore is escorted to the shower without further incident.

Filing No. 15-3 at 1.

A hearing was held on April 17, 2014. The video summary, Officer Craig's conduct report, and a written witness statement from Sgt. Lantrip constituted the evidence against Mr. Moore. The hearing officer determined that this evidence was sufficient to find Mr. Moore guilty of the charged offense.

Based on the hearing officer's recommendation, Mr. Moore was sanctioned with, among other things, a 60-day loss of earned time credit and a demotion in credit class. Mr. Moore exhausted his administrative appeals, but all of his appeals were denied. Mr. Moore then filed the instant petition for a writ of habeas corpus in this Court.

**C. Analysis**

Mr. Moore contends that his due process rights were violated during his disciplinary hearing in two ways: (1) that the "some evidence" standard was not met; and (2) the hearing officer was not impartial. Both of his arguments are based on his contention that the summary of the video evidence was inconsistent with the conduct report and witness statements provided by the officers and that the video evidence was otherwise a "sham" because the time notations in it are implausible.

Neither of Mr. Moore's challenges are meritorious. Turning first to his some-evidence challenge, the "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188

F.3d 784, 786 (7th Cir. 1999). Attempted assault or battery requires that an inmate attempted to "[c]ommit[] a battery/assault upon another person without a weapon or inflicting bodily injury." [Filing No. 15-6.]

Mr. Moore goes to great lengths to point out how the evidence is inconsistent or implausible. For example, Mr. Moore takes issue with the fact that the video summary states that Mr. Moore "exit[ed] the cell" at 7:38:36 and "moves towards" the officers at 7:38:37. He says that these actions could not have been completed in one second. Another example is the alleged discrepancies between the descriptions of his conduct. He argues that the video summary says he "moved toward" the officers while Officer Craig's conduct report says Mr. Moore "lunge[d]" at him, which demonstrates they are inconsistent.

Merely because the video summary reflects that Mr. Moore left his cell then moved toward Officer Craig in the span of one second does not make the evidence a sham or otherwise inconsistent with the other evidence.[1] Nor does the fact that the three pieces of evidence contain different words to describe Mr. Moore's conduct—that he "move[d] towards, lunge[d], or "[went] after" Officer Craig—make them inconsistent. Even if those terms are not precisely the same, the hearing officer certainly could have concluded that they all constitute an attempted assault, and that was therefore what occurred.

---

[1] To the extent that Mr. Moore argues he was entitled to view the video evidence, the Court disagrees. It was proper for the hearing officer to provide a video summary in light of the determination that allowing Mr. Moore to view the video would jeopardize prison safety. *See Jones v. Cross*, 637 F.3d 841, 848-49 (7th Cir. 2011) (an inmate is not entitled to disclosure of an exculpatory surveillance video if allowing the inmate to see the tape would create a security risk).

Given this, the conduct report, witness statement, and video summary each constitute "some evidence" that Mr. Moore attempted to assault Officer Craig, as they reflect that Mr. Moore moved toward Officer Craig while verbally threatening that he would "get him." *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Notably, Mr. Moore himself even acknowledges that these constitute "some evidence."

For similar reasons, Mr. Moore has not shown that he was denied an impartial decision-maker. An inmate in a disciplinary action has the right to be heard before an impartial decision-maker. *Hill*, 472 U.S. at 454. For example, a prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie*, 342 F.3d at 667. However, "[a]djudicators are entitled to a presumption of honesty and integrity," and "thus the constitutional standard for impermissible bias is high." *Id.* at 666.

Mr. Moore has failed the high showing necessary to demonstrate that the decision-maker was impartial. He does not dispute that the decision-maker was not involved in the underlying events. Instead, he essentially repeats his arguments regarding the alleged inconsistencies and unreliability of the three pieces of evidence. For example, he argues that the implausibility of the video summary shows that the decision-maker was biased, since he overlooked that fact merely to find Mr. Moore guilty. But, as discussed

above, the pieces of evidence were not inconsistent, and the video summary was not implausible. Accordingly, Mr. Moore has not overcome the presumption that the decision-maker conducted the proceeding with honesty and integrity, and he was thus not denied an impartial decision-maker.

In sum, Mr. Moore was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Moore's due process rights.

### D. Evidentiary Hearing

Mr. Moore requests that the Court hold an evidentiary hearing so that the Court may view the video evidence of the incident in question. He contends that the video would demonstrate his innocence. "[W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies." *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006).

The Court need not hold an evidentiary hearing to view the video evidence in question. Mr. Moore has not presented any evidence contradicting an assertion by the prison disciplinary board with respect to the video, or otherwise. Furthermore, the Court was provided a reliable substitute for the video itself in the form of the video summary, and this evidence, along with the other evidence discussed above, is sufficient to

demonstrate that Mr. Moore is not entitled to habeas relief. For these reasons, Mr. Moore's motion for an evidentiary hearing [dkt. 30] is **denied**.

### E. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Moore to the relief he seeks. Accordingly, Mr. Moore's petition for a writ of habeas corpus must be **denied** and the action dismissed. Mr. Moore's motion for a hearing [dkt. 30] is also **denied** for the reasons discussed above.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __March 3, 2016__

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GARGANUS T. MOORE
170307
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel